[Civ. No. 8188.   Fourth Dist., Div. One.   Jan. 11, 1967.]

PRENTISS N. TUCKER, Plaintiff and Appellant, v. CENTENNIAL INSURANCE COMPANY, Defendant and Respondent.

Rutan & Tucker, Robert C. Todd and Richard A. Curnutt for Plaintiff and Appellant.

Moss, Lyon & Dunn, Charles B. Smith and Henry F. Walker for Defendant and Respondent.

BROWN (Gerald), P. J.—Plaintiff, Prentiss N. Tucker, appeals from a judgment of dismissal entered after the trial court sustained a demurrer to plaintiff's complaint without

leave to amend on the ground it failed to state a cause of action.

■ The complaint was in declaratory relief; plaintiff insured sought to determine defendant Centennial Insurance Company's duty to defend an action brought before the Workmen's Compensation Appeals Board by Walter L. Miller. Miller, manager of an apartment building owned by plaintiff, was injured while descending from the roof of the building after fixing a television antenna.

The Special Multi-Peril Policy issued by Centennial to plaintiff provides: "This Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this Section applies, arising out of the ownership, maintenance or use of the premises and all operations necessary or incidental thereto, and this Company shall defend any suit against the Insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this Section, even if any of the allegations of the suit are groundless, false or fraudulent; but this Company may make such investigation and settlement of any claim or suit as it deems expedient."

As an exclusion the policy states it does not apply: "To any obligation for which the Insured or any carrier as his Insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law."

*Gray* v. *Zurich Ins. Co.*, 65 Cal.2d 263, 276-277 [54 Cal.Rptr. 105, 419 P.2d 168], states an insurer must defend an action whenever it ascertains from the complaint therein, from the insured, or from other sources, facts which give rise to potential liability under its policy.

Here, it is apparent on the face of Miller's application to the Workmen's Compensation Appeals Board that no potential liability of Centennial could arise under the policy. The carrier's refusal to defend, therefore, was not wrongful and the trial court properly sustained the demurrer to plaintiff's complaint.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied January 27, 1967, and appellant's petition for a hearing by the Supreme Court was denied March 8, 1967.